NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. HUMBERTO BUCIO DELGADO, Defendant-Appellant. | No. 16-10386 D.C. No. 1:14-cr-00271-LJO MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence O'Neill, District Judge, Presiding

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Humberto Bucio Delgado appeals the 292-month sentence imposed

following his jury-trial convictions for conspiracy to distribute methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession with

intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(b)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Delgado first contends that the district court erred by including the sentence he received for his 2015 conviction for driving a stolen vehicle in the calculation of his criminal history category.  This claim is waived because Delgado affirmatively advised the court, in his sentencing memorandum and at sentencing, that it was proper to count that sentence in his criminal history score.  *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) ("If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable.").

Even if the claim is not waived, Delgado has not shown that the district court plainly erred.  *See id.* at 845-46.  No evidence indicated that the stolen vehicle was used to transport drugs or otherwise facilitate the conspiracy.  Thus, driving the stolen vehicle was not "relevant conduct" to the drug offenses, *see* U.S.S.G § 1B1.3(a)(1), nor was the state conviction accounted for in the calculation of Delgado's offense level.  As a result, the district court did not plainly err in calculating Delgado's criminal history category.  *See* U.S.S.G. § 4A1.2(a)(1) & cmt. n.1; *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1172 (9th Cir. 2009).

Delgado also contends that the district court erred by denying his request for a downward departure in his criminal history category and imposed a substantively unreasonable sentence.  We review for abuse of discretion.  *See Gall v. United*

*States*, 552 U.S. 38, 51 (2007) (substantive reasonableness reviewed under abuse of discretion standard); *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011) (criminal history departures are reviewed as part of the substantive reasonableness of the sentence). Contrary to Delgado's argument, the record reflects that the court considered Delgado's arguments and the 18 U.S.C. § 3553(a) sentencing factors. The sentence at the low end of the guideline range is not an abuse of discretion in light of those factors and the totality of the circumstances, including the amount of drugs involved in the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**